MARCH 14, 1963

**Reap. Dec. 10468.**—The A. W. Fenton Co., Inc. *v.* United States,

Entered at Cleveland, Ohio.   (Not published.)   Motion by plaintiff.

(Reap. Dec. 10469)

AUT CUSTOMS BROKERS, INC., A/C FADEX COMMERCIAL CORP. *v.* UNITED STATES

Entry Nos. 877802; 877803.

(Decided March 18, 1963)

*Barnes, Richardson & Colburn* for the plaintiff.
*John W. Douglas,* Acting Assistant Attorney General, for the defendant.

RAO, Judge: The appeals for reappraisement listed on schedule A, hereto attached and made a part hereof, were submitted for decision upon the following stipulation:

1. That the merchandise here involved consists of automobiles imported after the effective date of the Customs Simplification Act of 1956; that said automobiles are identified on the Final List published by the Secretary of the Treasury pursuant to said Customs Simplification Act (T.D. 54521), and are subject to appraisement under the provisions of Section 402a of the Tariff Act of 1930 as amended.

2. That on or about the dates of exportation of the merchandise involved herein, such or similar merchandise was not freely offered for sale in the country of exportation for home consumption or for exportation to the United States.

3. That on or about the said dates of exportation, such or similar imported merchandise was not freely offered for sale for domestic consumption in the United States.

4. That the cost of production as defined in Section 402a(f) of the Tariff Act of 1930 as amended of the automobiles involved herein is as set forth in deutschemarks for the model and period of exportation indicated on Schedule "B" annexed hereto, plus, for each automobile invoiced with whitewall tires and/or sliding roof, DM 35.00 per set of whitewall tires and DM 187.50 for sliding roof; plus, for each automobile invoiced with luggage carriers and/or protective covers on seats and backs, DM 26.00 per luggage carrier and DM 2.20 per set of protective covers.

5. That the above-entitled appeals may be submitted on this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

Upon the agreed facts, I find cost of production, as that value is defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, to be the proper basis for the